1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>              Plaintiff,<br><br>       v.<br><br>RITA DIAZ, et al.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:21-cv-00856-SAB (PC)<br><br>ORDER VACATING ORDER TO SHOW CAUSE, AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(ECF Nos. 1, 6) |

11
12
13
14
15
16
17

18       Plaintiff Kory T. O'Brien is proceeding *pro se* and *in forma pauperis* in this civil rights action

19   pursuant to 42 U.S.C. § 1983.

20        Currently before the Court is Plaintiff's complaint, filed May 27, 2021.

21                                                      **I.**

22                                   **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court

25   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26   or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

27   relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

28   ///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On September 1, 2020, Plaintiff was told to exit the law library because his two hours were over.  Plaintiff approached the main counter in the law library, and Plaintiff told an inmate clerk that "[t]his is fucking crazy.  I just got out of guarantine.  I have six active cases, and I can[]not even get an extra fucking half hour."  Defendant Diaz, who Plaintiff was not talking to, interrupted the conversation and instructed Plaintiff to "watch his language."  Plaintiff complied with the verbal counseling.  Plaintiff informed Defendant Diaz "to watch her discrimination, I am good a[t] filing civil lawsuits[,]" because other inmates were allowed to stay in the law library and it was verbal notification of Plaintiff's intent to file a lawsuit against Diaz for discrimination.  Plaintiff walked away from the main counter and exited the law library.

2

On September 2, 2020, Plaintiff received a Rules Violation Report (RVR), Log No. 7026650, from Defendant Diaz for disrespect without potential for violence/disruption pursuant to California Code of Regulations, title 15, section 3004(b).  Defendant sergeant J. Moore was the reviewing supervisor who approved the RVR.

Section 3004(b) states, "Inmates, parolees, and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence."  If intent must be present or reasonably likely, then the RVR must contain those elements.  The RVR specifically states "w/out potential for violence/disruption."  Disrespect without the potential for violence/disruption is not a violation of section 3004(b), and the RVR issued by Defendant Diaz was false which was issued only after Plaintiff expressed his intent to file a lawsuit against Diaz.

Defendant J. Moore reviewed and approved the RVR and without Moore's participation and involvement it could not have been filed.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

On July 2, 2021, the Court issued an order for Plaintiff to show cause why the complaint should not be dismissed for failure to exhaust the administrative remedies.  (ECF No. 6.)

Plaintiff filed a response to the order to show cause on July 15, 2021.  (ECF No. 8.)

Based on Plaintiff's response to the order, the Court finds that dismissal of the action for failure to exhaust the administrative remedies is not clear from the face of the complaint, and the failure to exhaust the "failure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007).  Accordingly, the Court will discharge the order to show cause and allow the action to proceed.  However, the Court is not making any dispositive ruling as exhaustion of the administrative remedies which may be addressed  by Defendants via a motion for summary judgment.

///

///

///

3

# IV.

# DISCUSSION

## A.    Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). The Ninth Circuit has held that "threats to sue fall within the purview of the constitutionally protected right to file grievances." Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) The filing of a complaint by a prisoner, as well as the threat to do so, are protected by the First Amendment, provided they are not baseless. Entler, 872 F.3d at 1043 (9th Cir. 2017) (it is illogical to conclude that prison officials may punish a prisoner for threatening to sue when it would be unconstitutional to punish a prisoner for actually suing.)

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d

1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Based on the allegations set forth above, Plaintiff has stated a cognizable retaliation claim against Defendants Rita Diaz and Jeramy Moore.

**B.     State Law Retaliation Claim**

"Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship." Bates v. Gen. Nutrition Centers, Inc., 897 F. Supp. 2d 1000, 1002 (C.D. Cal. 2012) (internal citations omitted).

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy .... " However, a court "may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' " Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C § 1367(c)(3) ); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (where a court declines to exercise supplemental jurisdiction, dismissal of the state law claims is without prejudice).

Plaintiff states that he wishes to bring a retaliation claim under state law. However, because Plaintiff's claim is based on a violation of his rights under the First Amendment, it is more appropriately raised by way of federal constitutional law via section 1983, and any state law claim

1    appears to be duplicative.  Indeed, Plaintiff fails to set forth what specific state law to support his

2    retaliation claim.  In addition, Under the California Government Claims Act ("CGCA"),[2] set forth in

3    California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary

4    damages against a public employee or entity unless the plaintiff first presented the claim to the

5    California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the

6    Board acted on the claim, or the time for doing so expired.

7         "The Tort Claims Act requires that any civil complaint for money or damages first be

8    presented to and rejected by the pertinent public entity." Munoz v. California, 33 Cal.App.4th 1767,

9    1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to

10   enable it to adequately investigate claims and to settle them, if appropriate, without the expense of

11   litigation," City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to

12   confine potential governmental liability to rigidly delineated circumstances: immunity is waived only

13   if the various requirements of the Act are satisfied," Nuveen Mun. High Income Opportunity Fund v.

14   City of Alameda, Cal., 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation

15   requirement" constitutes an element of a cause of action for damages against a public entity or official.

16   State v. Superior Court (Bodde), 32 Cal.4th 1234, 1244 (2004). In the state courts, "failure to allege

17   facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim

18   against a public entity to a demurrer for failure to state a cause of action." Id. at 1239 (fn.omitted).

19        Federal courts likewise must require compliance with the CGCA for pendant state law claims

20   that seek damages against state public employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th

21   Cir.1969); Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1477 (9th Cir.1995).

22   State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if

23   the claims were first presented to the state in compliance with the claim presentation requirement.

24   Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 9th Cir.1988); Butler v. Los

25   Angeles County, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).  Plaintiff fails to state any allegations

26   showing his compliance with the CGCA so as to be allowed to pursue claims for having been

27   wrongfully deprived of his property.  Accordingly, Plaintiff fails to state a cognizable state law claim.

28   ///

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable retaliation claim against Defendants Rita Diaz and Jeramy Moore.  However, Plaintiff has failed to state any other cognizable claims.  Plaintiff will be granted an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file a first amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his deliberate indifference and retaliation claims against the Defendants Diaz and Moore.  The Court will then recommend to the District Judge that this case only proceed on the cognizable claims for the reasons discussed above.

If Plaintiff chooses to file a first amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The order to show cause issued on July 2, 2021 is vacated;

2.      The Clerk's office shall send Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

        a.      a first amended complaint curing the deficiencies identified by the Court in this

7

order, or

      b.    a notice of his intent to proceed only on the cognizable claim identified by the Court in this order; and

4.    <u>Plaintiff is warned that, if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **July 27, 2021**

UNITED STATES MAGISTRATE JUDGE