UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RITA DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00856-JLT-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 30) |

Plaintiff Kory T. O'Brien is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed April 1, 2022.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants R. Diaz and J. Moore for retaliation in violation of the First Amendment.

On November 10, 2021, the Court set the case for settlement conference before Magistrate Judge Barbara A. McAuliffe and stayed the case for seventy days. (ECF No. 21.) On November 16, 2021, Defendants exercised their right to opt-out of the settlement conference. (ECF No. 22.)

Therefore, on November 17, 2021, the Court vacated the settlement conference, lifted the stay, and directed the Clerk of Court to issue the discovery and scheduling order. (ECF Nos. 23, 24.)

On April 1, 2022, Plaintiff filed the instant motion to compel. (ECF No. 30.) Defendants filed an opposition on April 12, 2022, and Plaintiff did not file a reply. (ECF No. 31.)

## II.
## LEGAL STANDRD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 24. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

Plaintiff seeks an order compelling Defendants to produce documents in response to his request for production of documents, set number one.

///

Defendants oppose Plaintiff's motion and argue that he has not established that they failed to properly respond to any request for production, and Defendants have produced all documents that they indicated would be produced, with the exception of a further response to Request No. 6 by Defendant Diaz and further response to Request No. 5 by Defendant Moore.

### A. Defendant Diaz

In his motion to compel, Plaintiff specifically seeks responses from Defendant Diaz to his request for production numbers 2, 3, 4, 5, 6, and 10.

#### 1. Request for Production No. 2

**Request No. 2:** "Any and all writings, as defined by Federal Rules of Evidence Section 1001, related to, reflecting, or evidencing any factual findings resulting from any investigation against Defendant Diaz made pursuant to authority granted by law while working at the California Department of Corrections and Rehabilitation for the violation of any institutional or facility policy."

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Objections is also made on the ground that it fails to describe with reasonable particularity an item or category of items to be produced. Further objection is made on the ground that the request seeks information protected by the rights to privacy of not only Defendant, but also third parties. Objection is also made on the ground that it seeks information that is confidential, protected by the official information privilege (See attached "Declaration of H. Castro in Support of Official Information Privilege"), and not subject to disclosure to Plaintiff. *See, e.g.*, California Penal Code section 832.7, 832.8; California Government Code section 6254; California Code of Regulations title 15, sections 3321, 3370.

**Ruling:** Plaintiff's motion to compel a response shall be denied. In his present motion, Plaintiff contends the documents are relevant to both his claims and Defendant Diaz's defense, evidence of intent, and to the possibility of future additional defenses which could lead to admissible evidence. A request for production allows the requesting party to "inspect, copy, test, or sample ... any designated documents or electronically stored information." Fed. R. Civ. P. 34(a). However, the request "must describe with reasonable particularity each item or category of items to be

4

inspected." Fed. R. Civ. P. 34(b)(1)(A).  Plaintiff fails to describe with reasonable particularity what item or category of items he wants produced and their relevancy.  Further, Plaintiff's request for documents concerning "any investigation" is overbroad and complaints of conduct unrelated to the issues in this action is not relevant to the claims and defenses.  Accordingly, Defendant's objections on the ground that it is vague, ambiguous, overbroad, and seeks information not relevant this action are sustained.

    2.  <u>Request for Production No. 3</u>

  **Request No. 3:** On or about October 13, 2021, there was a request for the California Department of Corrections and Rehabilitation to provide documents from my central file.  Please provide any and all writings, as defined by the Federal Rules of Evidence Section 1001, related to, reflecting, or evidencing any documents in your possession from my central file.

  **Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiting any objections, responding party does not personally have possession of Plaintiff's central file.  It is responding party's understanding that a copy of Plaintiff's central file was provided to the Office of the Attorney General.

  **Ruling:** Plaintiff's motion to compel shall be denied.  Plaintiff fails to specify what documents he seeks to be produced form his central file.  In addition, Plaintiff has alternate means of obtaining documents from his central file, of which he is aware, by contacting the Litigation Coordinator, and he has been placed on the waiting list for an <u>Olson</u> review.[1]  (ECF No. 30, Ex. G, p. G1 (Plaintiff's "Inmate Request for Interview," dated February 7, 2022.)  Therefore, since the requested documents are equally available to Plaintiff, his motion to compel is denied.

///
///
///

---

[1] An <u>Olson</u> review refers to the right of California inmates to inspect all non-confidential records maintained in their central and medical files, as established in <u>In re Olson</u>, 37 Cal. App. 3d 783, 112 Cal. Rptr. 579 (1974).

3. Request for Production No. 4

**Request No. 4:** To prevent any prejudice, please provide any and all writings, as defined by Federal Rule of Evidence Section 1001, related to, reflecting, or evidencing Defendant Diaz's personal file, central file, human resource file, employment file, personal information redacted. Information redacted such as home or cell phone numbers, home address, vehicle information, and any personal information that is not equal to information in Plaintiff's central file.  This information is not privileged.  *See Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993).

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seek information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Objection is also made on the ground that it fails to describe with reasonable particularity an item or category of items to be produced.  Further objection is made on the ground that the request seeks information protected by the rights to privacy of not only Defendant, but also third parties.  Objection is also made on the ground that it seeks information that is confidential, protected by the official information privilege (*See* attached "Declaration of H. Castro in Support of Official Information Privilege"), and not subject to disclosure to Plaintiff.  *See, e.g.*, California Penal Code sections 832.7, 832.8; California Government Code section 6254; California Code of Regulations title 15, sections 3321, 3370.

**Ruling:**  Plaintiff's motion to compel a response shall be denied.  In his present motion, Plaintiff contends the documents are relevant to both his claims and Defendant Diaz's defense, evidence of intent, and to the possibility of future additional defenses which could lead to admissible evidence.  However, Plaintiff's arguments fail to demonstrate how this request outweighs the rights to privacy of Defendant Diaz and any third parties.  In addition, the request is vague, ambiguous, unduly burdensome, and overbroad.  This action proceeds on a claim of retaliation against Defendant Diaz, and Plaintiff has failed to demonstrate how evidence from Diaz's personal file, central file, human resource file, employment file, is relevant to the retaliation claim or defenses in this case.  Accordingly, Plaintiff's motion to compel is denied.

///

///

4. <u>Request for Production No. 5</u>

**Request No. 5:** Sometime in March of 2000, Covid-19 was present at Valley State Prison. From that time, the law library went on modified program, until December 1, 2021; please provide any and all writings, as defined by Federal Rule of Evidence 1001, related to, reflecting, or evidencing inmates last name and inmates last (2) CDCR number the time of signing into and signing out of law library. Provide both inmates handwritten signing into and signing out off, along with computer login of inmates into library and out of[] library. These logs need only be for Charlie "C" yard and Delta "D" yard. This information is relevant to Plaintiff's intent.

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Further objection is made on the ground that the information sought is protected by the rights to privacy of inmates who are not parties to this action.

**Ruling:** Plaintiff's motion to compel shall be denied. Plaintiff requests documents generated between March 2020 and December 1, 2021, and claims the documents are relevant to his intent to file a civil lawsuit and necessary to locate possible witnesses. Plaintiff has failed to explain how these documents are relevant to establish his intent to file a civil lawsuit, and his retaliation claim is based on a single incident which took place on September 1, 2020. (Compl. at 5, ECF No. 1.) Therefore, requiring Defendants to produce documents generated over a nineteen-month period of time is unduly burdensome, and would not be relevant to the issues in this case. There is simply no showing that the inmate attendance logs are relevant to Plaintiff's intent to file a civil lawsuit. Accordingly, Plaintiff's motion to compel a response is denied.

5. <u>Request for Production No. 6</u>

**Request No. 6:** Any and all writings, as defined by Federal Rules of Evidence Section 1011, related to, reflecting, or evidencing to be used to support Defendant Diaz's affirmative defense.

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Objection is also made on the ground that it fails to describe with reasonable particularity an item or category of items to be produced. Finally objection is made to the

7

request on the ground that it seeks information protected by the attorney-client privilege and the attorney work-produce doctrine.

**Ruling:** Defendant Diaz has agreed to provide a supplemental response to this request, and Plaintiff's motion to compel shall be denied as rendered moot.

6. <u>Request for Production No. 10</u>

**Request No. 10:** Any and all grievances, complaints or other documents received by Valley State Prison staff or agents of Valley State Prison concerning Defendant Diaz's conduct while working at Valley State Prison till present.

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Objection is also made on the ground that it fails to describe with reasonable particularity an items or category of items to be produced. Further objection is made on the ground that the request seeks information protected by the rights to privacy of not only Defendant, but also third parties. Objection is also made on the ground that it seeks information that is confidential, protected by the official information privilege, and not subject to disclosure to Plaintiff. *See, e.g.*, California Penal Code sections 832.7, 832.8; California Government Code section 6254; California Code of Regulations title 15, sections 3321, 3370.

**Ruling:** Plaintiff's motion to compel shall be denied. In his present motion, Plaintiff contends the documents are relevant to both his claims and Defendant Diaz's defense, evidence of intent, and to the possibility of future additional defenses which could lead to admissible evidence. Plaintiff's request is for "any and all" complaints and grievances of any type whatever is overbroad and complaints of conduct unrelated to this action are not relevant to the claims or defenses. Plaintiff's request is also vague, ambiguous, and unduly burdensome as it does not describe with reasonable particularity the items to be produced. This case involves a single incident of alleged retaliation on September 1, 2020, and there are no allegations that Defendant Diaz engaged in a pattern of misconduct such that prior grievances would be relevant to Plaintiff's allegations. Furthermore, Plaintiff has other, less burdensome means of discovery, such as interrogatories and requests for admissions, which may enable him to determine whether similar grievances or complaints of

8

retaliation were made against Defendant Diaz while she was employed at Valley State Prison. Accordingly, Plaintiff's motion to compel is denied.

### A. Defendant Moore

In his motion to compel, Plaintiff specifically seeks responses from Defendant Moore to his request for production numbers 1, 3, 4, and 5.

1. Request for Production No. 1

**Request No. 1:** Any and all writings, recordings, as defined by Federal Rules of Evidence Section 1001, related to, reflecting, or evidencing any investigation against you made pursuant to authority granted by law while working at California Department of Corrections and Rehabilitation (CDCR) for violation of any Institutional or Facility Policy.

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Objections is also made on the ground that it fails to describe with reasonable particularity an item or category of items to be produced. Further objection is made on the ground that the request seeks information protected by the rights to privacy of not only Defendant, but also third parties. Objection is also made on the ground that it seeks information that is confidential, protected by the official information privilege (see attached "Declaration of H. Castro in Support of Official Information Privilege"), and not subject to disclosure to Plaintiff. *See, e.g.*, California Penal Code section 832.7, 832.8; California Government Code section 6254; California Code of Regulations title 15, sections 3321, 3370.

**Ruling:** Plaintiff's motion to compel shall be denied. In the instant motion, Plaintiff argues that the documents are relevant to both his claim and Defendant Moore's defense, is relevant to the possibility of future asserted additional defenses, is evidence of supervisory liability in that it is proof of personal involvement of Defendant by showing a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, and could lead to admissible evidence of liability. Plaintiff's request is for "any and all" complaints and grievances of any type whatever is overbroad and complaints of conduct unrelated to this action are not relevant to the claims or defenses.

1   Plaintiff's request is for "any and all" complaints and grievances of any type whatever is
2   overbroad and complaints of conduct unrelated to this action are not relevant to the claims or defenses.
3   Plaintiff's request is also vague, ambiguous, and unduly burdensome as it does not describe with
4   reasonable particularity the items to be produced.  This case involves a single incident of alleged
5   retaliation in September 2020, when Defendant Moore reviewed and approved a false RVR and there
6   are no allegations that Defendant Moore engaged in a pattern of misconduct such that prior grievances
7   would be relevant to Plaintiff's allegations.  Furthermore, Plaintiff has other, less burdensome means
8   of discovery, such as interrogatories and requests for admissions, which may enable him to determine
9   whether similar grievances or complaints of retaliation were made against Defendant Moore while she
10  was employed at Valley State Prison.  Accordingly, Plaintiff's motion to compel is denied.

   2.  Request for Production No. 3

**Request No. 2:**  Any and all writings, e-mails, documents, as defined by Federal Rules of Evidence Section 1001, related to, reflecting, or evidencing but not limited to Defendant J. Moore's employment file, personal file, central file, human resource file.  All personal information such as home address, personal phone numbers, vehicle information, etc. to be redacted.  All information equal to Plaintiff's central file to remain.

**Response:**  Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Objection is also made on the ground that it fails to describe with reasonable particularity an item or category of items to be produced.  Without waiving any objection, responding party refers Plaintiff to Title 15 and will produce CDCR DOM Article 23 and sections 72010.7, 72010.7, and 72010.7.1 (See attached "Documents in Response to Request for Production No. 2").

**Ruling:** Plaintiff's motion to compel a response shall be denied.  In his present motion, Plaintiff contends the documents are relevant to evidence of supervisory liability and to the possibility of future asserted additional defenses.  However, Plaintiff's arguments fail to demonstrate how this request outweighs the rights to privacy of Defendant Moore and any third parties.  In addition, the request is vague, ambiguous, unduly burdensome, and overbroad.  This action proceeds on a claim of

retaliation against Defendant Moore, and Plaintiff has failed to demonstrate how evidence from Moore's personal file, central file, human resource file, employment file, is relevant to the retaliation claim or defenses in this case. Accordingly, Plaintiff's motion to compel is denied.

3.    Request for Production No. 4

**Request No. 4:** Any and all writings, e-mails, documents as defined by Federal Rules of Evidence Section 1001, related to, reflecting, or evidencing, but not limited to, any and all grievances, complaints, or other documents received by CDCR staff or other agents concerning J. Moore's conduct while working at Valley State Prison to present.

**Response:** Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to this discovery of admissible evidence. Objections is also made on the ground that it fails to describe with reasonable particularity an item or category of items to be produced. Further objection is made on the ground that the request seeks information protected by the rights to privacy of not only Defendant, but also third parties. Objection is also made on the ground that it seeks information that is confidential, protected by the official information privilege (see attached "Declaration of H. Castro in Support of Official Information Privilege"), and not subject to disclosure to Plaintiff. *See, e.g.*, California Penal Code section 832.7, 832.8; California Government Code section 6254; California Code of Regulations title 15, sections 3321, 3370.

**Ruling:** Plaintiff's motion to compel a response shall be denied. In his present motion, Plaintiff contends the documents are relevant to evidence of supervisory liability, to the possibility of future asserted additional defenses, and to prove Defendant Moore created a policy or custom under which unconstitutional practices occurred or allowed to continue. Plaintiff's request is for "any and all" complaints and grievances of any type whatever is overbroad and complaints of conduct unrelated to this action are not relevant to the claims or defenses. Plaintiff's request is also vague, ambiguous, and unduly burdensome as it does not describe with reasonable particularity the items to be produced. This case involves a single incident of alleged retaliation on September 1, 2020, and there are no allegations that Defendant Moore engaged in a pattern of misconduct such that prior

grievances would be relevant to Plaintiff's allegations.  Furthermore, Plaintiff has other, less burdensome means of discovery, such as interrogatories and requests for admissions, which may enable him to determine whether similar grievances or complaints of retaliation were made against Defendant Moore while she was employed at Valley State Prison.  Accordingly, Plaintiff's motion to compel is denied.

    4.    <u>Request for Production No. 5</u>

**Request No. 5:**  Any and all writings, e-mails, documents as defined by Federal Rules of Evidence Section 1001, related to, reflecting, or evidencing, any and all documents to be used to support J. Moore's defense, including but not limited; to Title section, Department of Operation Manual, and Valley State Prison Operational Manual sections.

**Response:**  Objection is made to the request on the ground that it is vague, ambiguous, unduly burdensome, and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Objection is also made on the ground that it fails to describe with reasonable particularity an items or category of items to be produced.  Finally objection is made to the request on the ground that it seeks information protected by the attorney-client privilege and the attorney work-product doctrine.

**Ruling:** Plaintiff's motion to compel is denied.  Notwithstanding the objections, Defendant Moore submits that he will produce a copy of the RVR Log #70726650, CDCR DOM Article 23 sections 52080.1-52080.4.3, Article 3 sections 72010.4, 72010.7, and 720101.7.1, and VSP DOM Article 23 section 52080.2.  Accordingly, Plaintiff's motion to compel a further response is denied as moot.

///
///
///
///
///
///
///

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 30), filed on April 1, 2022, is DENIED.

IT IS SO ORDERED.

Dated: __May 24, 2022__

UNITED STATES MAGISTRATE JUDGE