# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RITA DIAZ, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-0856-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, AND DENYING REQUEST TO STAY DISPOSITIVE MOTION DEADLINE AS MOOT<br><br>(ECF Nos. 33, 36) |

Plaintiff Kory T. O'Brien is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed July 29, 2022, and Plaintiff's motion to stay the dispositive motion deadline, filed August 8, 2022. (ECF Nos. 33, 36.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants R. Diaz and J. Moore for retaliation in violation of the First Amendment.

On November 10, 2021, the Court set the case for settlement conference before Magistrate Judge Barbara A. McAuliffe and stayed the case for seventy days. (ECF No. 21.) On November 16, 2021, Defendants exercised their right to opt-out of the settlement conference. (ECF No. 22.) Therefore, on November 17, 2021, the Court vacated the settlement conference,

1

1  lifted the stay, and directed the Clerk of Court to issue the discovery and scheduling order.  (ECF
2  Nos. 23, 24.)
3        On July 29, 2022, Plaintiff filed the instant motion to compel.  (ECF No. 33.)  Defendant
4  Diaz filed an opposition on August 2, 2022.  (ECF No. 34.)
5        On August 8, 2022, Plaintiff filed a motion to stay the dispositive motion deadline
6  pending resolution of the motion to compel.  (ECF No. 36.)
7        Although the time for Plaintiff to file a reply to Defendant's opposition has not expired,
8  the Court finds a reply unnecessary and deems Plaintiff's motion to compel submitted for
9  review.

## II.

## LEGAL STANDARD

12        Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of
13  confinement.  As a result, the parties were relieved of some of the requirements which would
14  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior
15  to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c);
16  Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 24.  Further, where otherwise
17  discoverable information would pose a threat to the safety and security of the prison or infringe
18  upon a protected privacy interest, a need may arise for the Court to balance interests in
19  determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.
20  Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and
21  language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the
22  Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v.
23  City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based
24  right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-
25  LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's
26  entitlement to inspect discoverable information may be accommodated in ways which mitigate
27  institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL
28  912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents

containing information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2; <u>Ellis</u>, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. <u>Hunt v. County of Orange</u>, 672 F.3d

606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.

### DISCUSSION

Plaintiff seeks to compel Defendant Diaz to respond to his request for admissions, set two. (ECF No. 33.)

Defendants oppose Plaintiff's motion and argue that Plaintiff did not timely serve the request for admissions pursuant to the Court's discovery and scheduling order.

Plaintiff's motion to compel must be denied. Pursuant to the Court's November 17, 2021, discovery and scheduling order, responses to discovery were due forty-five days from the date of service of the request. (ECF No. 24 at 1.) The order further required that all discovery be completed by July 17, 2022, with discovery requests "served sufficiently in advance of the discovery deadline to permit for a response …." (Id. at 2.) Therefore, a discovery request that is served less than forty-five days before the close of discovery is untimely. See, e.g., Vanderbush v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2018 WL 3031488, at *5-6 (E.D. Cal. June 15, 2018) (construing court's scheduling order, which contained a similar 45-day discovery response deadline, and finding that requests that were served less than 45 days before the discovery deadline were untimely). Consequently, a responding party that is served with an untimely request is not obligated to respond. Giraldes v. Oania, No. 2:14-cv-726-JAM-EFB-P, 2016 WL 3448713, at *6 (E.D. Cal. June 23, 2016).

In this case, on June 5, 2022, Plaintiff served his request for admissions, set two, on Defendant Diaz. (ECF No. 34, at 21.) Defendant Diaz had forty-five days (plus three days for mailing) to file a response, i.e. on or before July 23, 2022. See Fed. R. Civ. P. 5.2(d). On July 6, 2022, Defendant sent Plaintiff a letter objecting to the discovery request on the ground that it was untimely. (ECF No. 34 at 23.) Plaintiff has failed to demonstrate good cause as to why his discovery request was served so late. Although Plaintiff contends that he did not receive Defendant's objection letter until July 20, 2022, and, therefore, he could not file his motion to

4

compel before the July 17, 2022 discovery deadline, Plaintiff overlooks the fact that the discovery request itself was untimely served.

## IV.
## ORDER

Because Plaintiff served Defendant Diaz with a late request for discovery, and has failed to demonstrate good cause for the untimeliness, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 33), filed on July 29, 2022, is DENIED.  Consequently, Plaintiff's motion to stay the dispositive motion deadline (ECF No. 36) pending resolution of the instant motion to compel is denied as rendered moot.

IT IS SO ORDERED.

Dated:  **August 9, 2022**

UNITED STATES MAGISTRATE JUDGE